UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————x

DENIS JOSUE YANEZ MATUTE,
  *Petitioner,*

v.

KEN GENALO, New York Field Office Director,
Enforcement and Removal Operations, U.S. Immigration
and Customs Enforcement;
DAVID J. VENTURELLA, Senior Official Performing
the Duties of Director, U.S. Immigration and Customs
Enforcement;
MARKWAYNE MULLIN, Secretary of the U.S.
Department of Homeland Security;
TODD BLANCHE, Attorney General of the United States; and
RAUL MALDONADO, JR., Warden, MDC Brooklyn
  *Respondents.*

—————————————————————x

## EMERGENCY MOTION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

Petitioner DENIS JOSUE YANEZ MATUTE respectfully moves pursuant to 28 U.S.C. §§ 2241, 2243, the All Writs Act, 28 U.S.C. § 1651(a), and Federal Rule of Civil Procedure 65 for an Order to Show Cause and Temporary Restraining Order prohibiting Respondents from transferring Petitioner outside the Eastern District of New York while the habeas petition is adjudicated.

Petitioner is in federal immigration detention and may be transferred without notice. Temporary relief is necessary to preserve this Court's habeas jurisdiction, protect meaningful review, and prevent impairment of Petitioner's access to counsel.

## A. Authority to Preserve Jurisdiction

Section 2243 requires prompt judicial inquiry once a habeas petition is presented. It directs the Court to award the writ or issue an order to show cause and requires the custodian to certify the true cause of detention.

The All Writs Act authorizes this Court to issue orders necessary to protect its jurisdiction. *Local 1814, International Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992). In immigration habeas matters, courts may stay executive action where necessary to preserve jurisdiction and meaningful review. *Garcia-Izquierdo v. Gartner*, No. 04 Civ. 7377 (RCC), 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004); *Michael v. I.N.S.*, 48 F.3d 657, 661–62 (2d Cir. 1995).

1

Recent decisions in this Circuit confirm that habeas courts must guard against transfer or removal that would frustrate review. See *Khalil v. Joyce*, 771 F. Supp. 3d 268, 274–76 (S.D.N.Y. 2025); *Öztürk v. Hyde*, 136 F.4th 382, 399–403 (2d Cir. 2025). EDNY courts have also granted habeas relief where ICE detention lacked adequate lawful process. See *Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025); *Ccorihuaman v. Genalo*, No. 26-CV-00554 (HG), 2026 WL 398674, at *5 (E.D.N.Y. Feb. 6, 2026).

**B. TRO Standard**

A TRO may issue where the movant shows irreparable harm, likelihood of success on the merits or serious questions going to the merits, that the balance of hardships tips in his favor, and that the public interest supports relief. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35–38 (2d Cir. 2010).

**C. Petitioner Is Likely to Succeed, or at Least Raises Serious Questions**

Petitioner is likely to succeed because the present record reflects warrantless arrest and continued detention without a contemporaneous individualized custody determination or adequate statutory basis. Federal courts in this District and the Southern District have granted habeas relief in similar ICE detention cases where the Government failed to establish lawful process. See *Gopie*, 2025 WL 3167130, at *1; *Ccorihuaman*, 2026 WL 398674, at *5; *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 2025 WL 2371588, at *1 (S.D.N.Y. Aug. 13, 2025); *Tumba Huamani v. Francis*, 813 F. Supp. 3d 394 (S.D.N.Y. 2025); *Huang v. Almodovar*, No. 25 Civ. 9346 (DEH), 2025 WL 3295912, at *1 (S.D.N.Y. Nov. 26, 2025).

Warrantless arrests require probable cause. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). The Fourth Amendment applies in immigration enforcement. *I.N.S. v. Delgado*, 466 U.S. 210, 215 (1984). And 8 U.S.C. § 1357(a)(2) limits warrantless immigration arrests to circumstances involving reason to believe the person is in the United States unlawfully and is likely to escape before a warrant can be obtained. The issues presented therefore warrant preserving the status quo pending review.

**D. Petitioner Faces Irreparable Harm**

Continued detention without lawful authority inflicts irreparable harm. Freedom from physical restraint lies at the core of due process protection. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

Transfer from this jurisdiction or from the United States, would compound that harm by impairing confidential attorney access, disrupting local counsel's ability to litigate this emergency habeas matter, and creating avoidable jurisdictional and logistical barriers. Because transfer may occur without notice, temporary relief is necessary to preserve effective habeas review.

Transfer while this habeas action is pending would severely prejudice Petitioner and frustrate meaningful judicial review. Petitioner's arrest and detention arose in this jurisdiction, his

2

retained counsel is located here, and this Court is the forum presently exercising habeas jurisdiction over the legality of his confinement. A rapid transfer outside New York or New Jersey—particularly to distant detention centers in Louisiana, Texas, or similar jurisdictions— would sharply limit Petitioner's access to counsel, confidential legal visits, translators, family support, potential witnesses, and potential expert witnesses. It would also place Petitioner in a materially different legal and practical environment, where controlling circuit law governing parallel immigration custody proceedings may differ from the law of the Second Circuit and this District. Petitioner has a substantial interest in having the legality of his arrest and detention adjudicated in the jurisdiction where the cause of action arose, where counsel is available, where relevant witnesses and evidence are located, and where this Court can provide effective habeas supervision. Absent temporary restraint, Respondents could transfer Petitioner without notice and thereby impair counsel's ability to litigate, burden Petitioner's ability to communicate and prepare his claims, and undermine this Court's ability to grant effective relief.

### E. The Equities and Public Interest Favor Relief

The Government has no legitimate interest in detaining or transferring Petitioner in a manner that frustrates habeas review. By contrast, Petitioner faces loss of liberty, impaired access to counsel, and diminished judicial protection. The public interest favors enforcing constitutional limits on civil immigration detention and preserving orderly habeas review. See *Zadvydas*, 533 U.S. at 690; *Ccorihuaman*, 2026 WL 398674, at *5.

### REQUEST FOR RELIEF

Petitioner respectfully requests that this Court issue an Order to Show Cause and Temporary Restraining Order:

1. prohibiting Respondents from transferring Petitioner outside the Eastern District of New York absent further order of this Court;
2. directing Respondents to provide reasonable, timely, confidential access to counsel, including in-person legal visitation;
3. directing Respondents to file, within forty-eight hours, a return certifying the statutory and factual basis for detention under 28 U.S.C. § 2243;
4. directing production, within forty-eight hours, of all custodial, administrative, DHS, ICE, warrant, custody-review, and detention records supporting Petitioner's arrest and detention;
5. producing Petitioner before this Court as necessary to effectuate meaningful habeas review;
6. upon adjudication, granting the writ and ordering Petitioner's immediate release;
7. ordering that Petitioner not be re-detained without notice and a pre-deprivation hearing before a neutral decisionmaker, at which Respondents bear the burden to establish lawful detention under 8 U.S.C. § 1226(a), see *Ccorihuaman*, 2026 WL 398674, at *5; *Khabazha v. United States Immigration & Customs Enforcement*, No. 25 Civ. 5279 (JMF), 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025);
8. directing Respondents to return all personal property seized at the time of detention and currently in Respondents' custody, possession, or control;

3

9. awarding reasonable fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), should Petitioner prevail; and

10. granting such other and further relief as the Court deems just and proper.

Dated: June 15, 2026
New York, New York

Respectfully submitted,

s/ S. Michael Musa-Obregon
S. Michael Musa-Obregon
MUSA-OBREGON LAW P.C.
140 Grand Street, Suite 307
White Plains, NY 10601
michael@musa-obregon.com
718-803-1000