

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

June 18, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:  *Matute v. Genalo, et.al.*, 26-cv-3634 (Bulsara, J.)

Dear Judge Bulsara:

On behalf of Respondents in the above captioned matter, this Office writes in partial response pursuant to Your Honor's June 17, 2026 Orders requiring information and a response to the petition filed by petitioner Denis Yanez Matute ("Petitioner") in the above referenced habeas matter. ("DE") ## 1, 4. This submission addresses Petitioner's locations of detention, and the legal effect, if any, of the approval of Petitioner's I-130 Petition ("I-130") and, for the reasons set forth below, Respondents request additional time to respond to the remaining requirements of the Court's order.

Petitioner is a native and citizen of Honduras. He was arrested and detained on June 17, 2026 and brought to Nassau County Correctional Center ("NCCC"), 100 Carman Avenue, East Meadow, New York for processing, where he currently remains detained. ICE has been made aware of the Court's order forbidding his transfer outside of this district or the Southern District of New York.

The Court has ordered that Respondents "address why Petitioner may be detained in light of his approved I-130 petition." Petitioner's approved I-130 has no bearing on ICE's ability to detain him. An approved I-130 merely "establish[es] the existence of a relationship to certain alien relatives who wish to immigrate to the United States." *See* https://www.uscis.gov/sites/default/files/document/forms/i-130instr.pdf. It does not "give the beneficiary automatic lawful permanent resident status or permission to immediately immigrate to the United States." *Id.*; *Der-Rong Chour v. I.N.S.*, 578 F.2d 464, 468 (2d Cir. 1978) ("Nor does the approval of the Chour I-130 petition permit him to remain in the United States."); *accord, Li v. Garland*, No. 21-cv-10601, 2022 WL 17095250, at *11 (S.D.N.Y. Nov. 21, 2022); *Altowaiti v. Wolf*, No. 18 Civ. 508, 2021 WL 2941753, at *1 (S.D.N.Y. July 12, 2021); *see also United States v. Atandi*, 376 F.3d 1186, 1192 (10th Cir. 2004) ("courts have consistently held that an alien is not authorized to be in the United States simply because an I–130 visa petition had been filed on his or her behalf and/or approved by the government."); *United States v. Batamula*, 823 F.3d 237, 242 (5th Cir. 2016) ("First, even assuming . . . [USCIS] was not revoking Batamula's approved I–130

petition, nothing in the Immigration and Nationality Act immunizes a deportable alien from deportation when a[n] [I–130] visa petition filed on his behalf is approved." (internal quotation marks omitted)).[1] Accordingly, Petitioner may be detained even though his I-130 was approved.

As to the remaining requirements of the Court's June 17, 2026 Order, Respondents respectfully request an extension of time (from 5:00 p.m. on June 18, 2026 to 5:00 p.m. on June 24, 2026) to provide "legal and factual arguments why the writ should not be granted." The reason for this request is that Respondents require additional time to evaluate whether the outcome of this matter "is unique, and raises issues separate and apart from those raised in similar petitions." As of now, the undersigned has learned that Petitioner was previously in removal proceedings between 2012 and 2024, which were dismissed on a joint motion on April 5, 2024. (Ex. A) He was subsequently detained on June 17, 2026 pursuant to a June 9, 2026 Form I-200, Warrant for Arrest for Petitioner (Ex. B) and Form I-862 Notice to Appear (Ex. C) ("6/9 NTA"). Even though, on information and belief, the 6/9 NTA was issued on that date, however, it erroneously bears a future date of June 23, 2026. On June 17, 2026, during processing after his arrest, Petitioner underwent a custody determination (Ex. D) and a superseding NTA was issued at that time (Ex. E). In light of the factual complexity presented by Petitioner's immigration history and recent detention, Respondents require more time to research the facts and law related to the above-referenced sequence of events in order to determine whether this case is unique from others determined by the Court previously.

This is Respondents' second request for an extension of time; the first (for 5 hours) was granted. I attempted to confer with Petitioner's counsel to obtain consent to this request, but was unable to reach him. Thank you for your consideration of this matter.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:   /s/ Robert W. Schumacher
Robert W. Schumacher
Assistant U.S. Attorney
(631) 715-7871
robert.schumacher@usdoj.gov

cc: S. Michael Musa-Obregon, Esq.

---

[1] Moreover, courts in this district have concluded, in the context of other kinds of immigration benefits, that merely having "a pathway to permanent residency . . . does not strip the government of removal power." *Lira Caceres v. Shanahan*, No. 26-cv-0016, 2026 WL 233215, at *3, n.3 (E.D.N.Y. Jan. 28, 2026) (Merchant, J.) (collecting cases regarding special immigrant juvenile ("SIJ") status, another pathway to permanent residency, having no bearing on detention or removal).