



*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

June 19, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> Re: *Matute v. Genalo, et.al.*, 26-cv-3634 (SJB)

Dear Judge Bulsara:

On behalf of Respondents in the above captioned matter, this Office writes in response to Your Honor's June 18, 2026 Order (the "Order"). In the Order, the Court, citing *Pereira v. Sessions*, 585 U.S. 198, 202 (2018) and *Campos-Chaves v. Garland*, 602 U.S. 447, 461 (2024), held that the June 9, 2026 Notice to Appear (the "6/9 NTA") (Docket Entry No. 8-3) "is invalid because it does not include a date or time to appear". Should the Court adhere to this holding, that would be dispositive in this matter.

Respondents respectfully disagree with the Court's interpretation of *Pereria* and *Campos-Chaves*, and aver that the 6/9 NTA is valid under these circumstances because it was superseded by a second Notice to Appear on June 17, 2026 (the "6/17 NTA")[1] which provided Petitioner notice of a specific date and time to appear before an Immigration Judge (Docket Entry No. 8-5). In *Campos-Chaves*, the U.S. Supreme Court, while addressing the validity of an initial NTA that lacked time and place of Immigration Court proceedings, found that in-absentia removal was proper on the grounds that the aliens received subsequent notice that included time and place information. 602 U.S. at 457, 464-65. Indeed, even after the decisions in *Pereria* and/or *Campos-Chavez*, the Second Circuit has held that NTAs lacking time, place and even location do not divest the immigration court of jurisdiction so long as they are cured by subsequent notice. *United States v. Suquilanda,* 116 F.4th 129, 135-36 (2d. Cir 2024) (holding that an NTA could be—and in fact was—cured of the missing time, date, and place information for his initial hearing); *see also Banegas Gomez v. Barr,* 922 F.3d 101, 110-11 (2d Cir. 2019) ("We conclude that an NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing

---

[1] As set forth in Respondents' June 18, 2026 submission, Docket Entry No. 8, on information and belief, the 6/9 NTA was issued on that date though it erroneously bears a future date of June 23, 2026. Docket Entry No. 8-3. This is supported by the 6/17 NTA which specifically states that "This Notice to Appear Supersedes the Notice to Appear issued on June 9, 2026." Docket Entry No. 8-5. The Court's Order also states that "[f]rom the documents submitted by Respondents, it appears that an NTA was issued at or around the time the June 9, 2026 I-200 arrest warrant was issued."

specifying this information is later sent to the alien."); *Arias-Arevalo v. Bondi,* No. 23-7095, 2025 WL 3079228, at *1 (2d Cir. November 4, 2025) (summary order) ("Although an incomplete NTA does not stop the accrual of presence or residence as required to establish eligibility for cancellation of removal, the omission of the hearing date and time does not strip the immigration court of jurisdiction where, as here, the petitioner was subsequently sent a hearing notice.").

Thus, to conserve judicial resources and to expedite the Court's consideration of this case, Respondents submit that, should the Court adhere to its holding in the Order that *Pereira* and *Campos-Chaves* render the 6/9 NTA "invalid because it does not include a date or time to appear", the Court can decide this matter without further briefing or a hearing. However, should the Court prefer to receive a memorandum of law, Respondents will file such a brief upon the Court's request. Notwithstanding their submission of this letter in lieu of a formal brief, Respondents reserve all rights, including the right to appeal.

Thank you for your consideration of this matter.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     /s/ Robert W. Schumacher
Robert W. Schumacher
Assistant U.S. Attorney
(631) 715-7871
robert.schumacher@usdoj.gov

cc: S. Michael Musa-Obregon, Esq.